## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**GREGORY A BALDWIN, JR., and
KERTING L BALDWIN,**

    **Plaintiffs,**

v.                                                 Case No: 5:24-cv-487-MMH-PRL

**WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,**

    **Defendant.**

_____

### ORDER

This cause comes before the Court on Defendant's Motion to Compel Discovery filed on July 31, 2025. (Doc. 27). Defendant requests an Order compelling Plaintiffs to answer Defendant's first set of interrogatories and respond to Defendant's requests for production of documents. (*Id.* at pp. 2-3). Plaintiffs filed a Notice of Service of Plaintiffs' Discovery Responses (Doc. 28) and a response in opposition to the motion (Doc. 29) on August 1, 2025, asserting that they served complete written answers and responses to Defendant's interrogatories and requests for production on August 1, 2025. For the reasons explained below, Defendant's motion is due to be granted in part and denied in part, and Plaintiffs' notice of service of discovery will be stricken.

**I.  BACKGROUND**

Plaintiffs initiated this action on September 9, 2024. (Doc. 1). On May 28, 2025, Defendant served Plaintiffs with discovery. (Doc. 27 at p. 2; *see* Doc. 27-1; Doc. 27-2; Doc. 27-3). Plaintiffs' responses to the written discovery requests were due on June 27, 2025. (Doc. 27 at p. 2). Plaintiffs failed to timely provide their discovery responses by the deadline.

Consequently, Defendant's counsel then made several attempts to confer with Plaintiffs' counsel and provided Plaintiffs with an extension, but Plaintiffs did not respond to Defendant's requests to confer or provide any responses to Defendant's discovery requests. (*Id*. at pp. 2-4; *see* Doc. 27-4; Doc. 27-5).

As a result, Defendant filed the instant motion to compel discovery on July 31, 2025, seeking an Order compelling Plaintiffs to provide full and complete responses to the outstanding discovery and requesting an award of reasonable expenses, including attorney's fees. (Doc. 27 at p. 3). In response, Plaintiffs acknowledge that the outstanding discovery was overdue and represent that they provided all outstanding discovery to Defendant on August 1, 2025. (Doc. 28 at pp. 1-2). Since Plaintiffs have now responded to Defendant's discovery requests, Plaintiffs contend that Defendant's motion should be denied as moot. (*Id*. at p. 2). As for fees, Plaintiffs argue that Defendant's request for fees should be denied because Plaintiffs served their discovery responses without the need for Court intervention and their delay in responding to the outstanding discovery, which they claim, "was not willful and arose from logistical and administrative complications," did not prejudice the Defendant or delay litigation in this case. (*Id*.).

**II. DISCUSSION**

As a general matter, motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v.*

*City of Orlando*, No. 6:06-cv-1671-ORL-31DAB, 2007 WL 3232227, at *1 (M.D. Fla. Oct. 31, 2007) (citation omitted). Indeed, parties are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering various factors. *See* Fed. R. Civ. P. 26(b)(1). The moving party "bears the initial burden of proving that the information sought is relevant." *See Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185-ORL-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). "A party resisting discovery must establish 'lack of relevancy or undue burden in supplying the requested information.'" *Craig v. Kropp*, No. 2:17-cv-180-FTM-99CM, 2018 WL 1121924, at *3 (M.D. Fla. Mar. 1, 2018) (quoting *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)).

With these general principles and rules in mind, the Court will first address Defendant's motion and then Plaintiffs' notice of service of discovery.

### A. Defendant's Motion to Compel Discovery

In its motion, Defendant requests that Plaintiffs serve their responses to Defendant's first set of interrogatories and first set of requests for production of documents. Plaintiffs have since provided responses to Defendant's interrogatories and requests for production. As a result, Defendant's request to compel Plaintiffs to respond to its outstanding discovery requests is denied as moot.

Defendant also requests sanctions against Plaintiffs in the form of attorney's fees associated with bringing its motion to compel. Because Plaintiffs served the outstanding discovery after Defendant filed its motion to compel, Rule 37(a)(5) applies here. Rule 37(a)(5) provides that if a motion to compel discovery is granted, or the requested discovery is

provided after the motion to compel discovery was filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conducted necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5)(A). A court, however, will not order this payment where "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *See id.*; *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) ("Substantially justified means that reasonable people could differ as to the appropriateness of the contested action.") (citation omitted).

The Court is not persuaded that the circumstances presented here render Plaintiffs' delay substantially justified or make an award of expenses unjust. While the Court may have considered substantial justification for a short delay, Plaintiffs failed to communicate with or request any additional extensions from Defendant before the Defendant filed the pending motion to compel discovery. Further, Plaintiffs do not provide a sufficient explanation in their response for their delay in responding to Defendant's outstanding discovery or why they failed to respond to multiple requests from Defendant's counsel to confer. Because Plaintiffs conceded that they served their discovery responses *after* Defendant's motion was filed, and Plaintiffs have not demonstrated that their failure to timely respond to Defendant's discovery requests were substantially justified or presented other circumstances which would make an award of expenses unjust, Defendant's request to recover reasonable expenses, including attorney's fees, incurred in making the motion is granted.

### B. Plaintiffs' Notice of Service of Plaintiffs' Discovery Responses

As a final matter, Plaintiffs filed a Notice of Service of Plaintiffs' Discovery Responses on August 1, 2025, stating that they complied with Defendant's discovery requests by serving their responses to Defendant's interrogatories and requests for production. (Doc. 28). Discovery materials, including notices of "answers and objections to interrogatories . . . [and] responses to requests for production . . . shall not be filed with the Court as a matter of course. . . . [unless] if ordered by the Court, if necessary to the presentation or defense of a motion, or if required by law or rule." *See* Middle District Discovery (2021) at Section I.C.1 (explaining the general rule governing the filing of discovery materials in the Middle District of Florida); *see also* Fed. R. Civ. P. 5(d)(1)(A). As such, Plaintiffs' Notice of Service of Plaintiffs' Discovery Responses is stricken.

The Court notes that it previously struck Plaintiffs' Rule 26 Disclosures filed on May 9, 2025 for the same reason, explaining that "*[d]iscovery materials* . . . shall not be filed with the Court as a matter of course. . . . [unless] if ordered by the Court, if necessary to the presentation or defense of a motion, or if required by law or rule." (Doc. 26) (emphasis added). The Court cautions Plaintiffs that they should review the Civil Discovery Handbook prior to filing any future discovery materials with the Court.

**III.   CONCLUSION**

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Compel Discovery (Doc. 27) is **GRANTED in part** and **DENIED in part**.

    a. Defendant's request to recover reasonable expenses, including attorney's fees, incurred in making the Motion to Compel Discovery is **granted**. On or before **August 21, 2025**, Defendant is directed to file an affidavit of its reasonable expenses, including attorney's fees, incurred in making the motion. Plaintiffs shall then have **7 days** from the date that Defendant's affidavit is filed to file any objections to the expenses and fees sought. Upon receipt of Defendant's affidavit and any objections filed by the Plaintiffs, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing. Alternatively, if the parties can reach an agreement regarding reasonable expenses, including attorney's fees, they should so advise the Court by written notice within the time frame provided above.

    b. Defendant's request for an Order compelling Plaintiffs to provide discovery responses is **denied as moot**.

(2) Plaintiffs' Notice of Service of Plaintiffs' Discovery Responses (Doc. 28) is **STRICKEN**. The Clerk is directed to remove the Notice of Service of Plaintiffs' Discovery Responses from the docket.

**DONE** and **ORDERED** in Ocala, Florida on August 7, 2025.

- 7 -

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties