# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**GREGORY A BALDWIN, JR.** and
**KERTING L BALDWIN,**

     **Plaintiffs,**

**v.**                                                                          **Case No: 5:24-cv-487-MMH-PRL**

**WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,**

     **Defendant.**

_____

## ORDER

    This cause comes before the Court on Defendant Wright National Flood Insurance Company's Affidavit in Support of Attorney Fees and Costs, requesting to recover reasonable expenses, including attorney's fees, in the amount of $465.00 incurred in connection with its Motion to Compel Discovery ("Motion to Compel"). (Doc. 33). Plaintiffs have failed to file any objections or respond to Defendant's counsel's affidavit, and the time to do so has expired. For the reasons explained below, the Court finds that Defendant is due to be awarded $394.00 in attorney's fees related to its routine Motion to Compel.

## I.    BACKGROUND

    On July 31, 2025, Defendant filed a Motion to Compel, seeking an order compelling Plaintiffs to answer Defendant's first set of interrogatories and respond to Defendant's requests for production of documents, and requested an award of reasonable expenses, including attorney's fees. (Doc. 27). On August 7, 2025, the Court granted in part and denied in part Defendant's Motion to Compel, granting Defendant's request to recover reasonable expenses, including attorney's fees, incurred in making the motion, and denied as moot

Defendant's request for an order compelling Plaintiffs to provide discovery responses, since Plaintiffs responded to Defendant's outstanding discovery requests on August 1, 2025. (Doc. 30). In that Order, the Court directed the Defendant to file an affidavit supporting the request for attorney's fees and expenses incurred by counsel in preparing and filing the Motion to Compel and permitted the Plaintiffs to file any objections seven days thereafter. (*Id*. at p. 6).

Pursuant to the Court's Order, on August 21, 2025, Defendant filed an affidavit signed by counsel Tara Kelly, seeking an award of attorney's fees in the amount of $465.00, which appears to consist of a total of 1.50 hours in preparing and filing the Motion to Compel by three individuals—attorney Tara Kelly, attorney Ted Brenner (who is not counsel of record), and Diane Wigley—at rates ranging from $160.00 to $390.00 per hour. (Doc. 33; Doc. 33-1). Defendant's request for attorney's fees is broken down as follows: Ms. Kelly (0.80 hours of time expended at an hourly rate of $355.00 per hour, totaling $284.00), Mr. Brenner (0.30 hours of time expended at an hourly rate of $390.00 per hour, totaling $117.00), and Ms. Wigley (0.40 hours of time expended at an hourly rate of $160.00 per hour, totaling $64.00), bringing the total fees to $465.00 based on 1.50 hours spent preparing and filing the Motion to Compel. (*See* Doc. 33-1 at p. 3). Plaintiffs have not filed any objections or responded to counsel's affidavit.

## II.    DISCUSSION

While the Court has determined that the Defendant has a right to recover attorney's fees associated with its Motion to Compel, the Court has a corresponding duty to ensure that such an award is reasonable. Because, however, Plaintiffs failed to file any objections or a response in opposition to the affidavit, the Court lacks the benefit of the scrutiny and analysis of the requested fees from the opposing party. *See Godoy v. New River Pizza, Inc.*, 565 F. Supp.

2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the court in determining whether the amount of attorney's fees requested is reasonable).

Nevertheless, in determining a reasonable award of attorney's fees, the Court applies the federal lodestar approach, which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). The Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *See Norman,* 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Moreover, "[t]here is nothing inherently unreasonable about a client relying on more than one lawyer or having an attorney review and revise his or her colleague's work; however, a fee applicant bears the burden of establishing that billed time reflects distinct contributions by each lawyer." *See People for Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, No. 8:16-cv-2899,

2018 WL 1605842, at *3 (M.D. Fla. Apr. 3, 2018) (citing *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999)).

### A.    Reasonableness of Hours Expended

First, the Court must determine the number of hours reasonably expended on the litigation. "The attorney fee applicant should present records detailing the amount of work performed[,]" and "[i]nadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). Then, "[t]he fee opponent . . . 'has the burden of [pointing out] with specificity which hours should be deducted." *See Rynd v. Nat'l Mut. Fire Ins. Co.,* No. 8:09-CV-1556-T-27TGW, 2012 WL 939387, at *3 (M.D. Fla. Jan. 25, 2012), *report and recommendation adopted*, No. 8:09-CV-1556-T-27TGW, 2012 WL 939247 (M.D. Fla. Mar. 20, 2012) (quoting *Centex-Rooney Const. Co. v. Martin Cnty.*, 725 So. 2d 1255, 1259 (Fla. Dist. Ct. App. 1999)). "[A]ttorneys 'must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary.'" *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011) (quoting *Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)) (internal quotations omitted). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *See id.*

Here, it appears that Defendant seeks compensation for a total of 1.50 hours of attorney's fees associated with the Motion to Compel. While this request is not specifically stated in Ms. Kelly's affidavit, it is reflected in the time sheet attached to the affidavit, which details the time spent on the motion by three different individuals. (*See* Doc. 33-1). The time

sheet indicates that Ms. Kelly expended 0.80 hours, taking the lead in researching, drafting, and revising the relatively uncomplicated motion; Mr. Brenner spent 0.30 hours, making corrections and additions to the motion; and Ms. Wigley billed 0.40 hours, assisting in preparing the motion's exhibits and analyzing the motion for submission to the Court. *(Id.* at pp. 2-3). Upon review of the billing records, and with no objection to the hours sought, the Court finds the number of hours requested by Defendant to be reasonable under the circumstances presented here and given the relatively unsophisticated nature of the discovery dispute.

### B.    Reasonableness of Hourly Rate

Next, the Court must determine the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299 (citations omitted). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* (citation omitted). The trial court itself is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *See id.* at 1303.

Here, it appears that Defendant requests that it be awarded attorney's fees based, in part, on an hourly rate of $355.00 for Ms. Kelly's time and $390.00 for Mr. Brenner's time spent preparing and filing the Motion to Compel. (*See* Doc. 33-1). While Ms. Kelly merely offers a timesheet to support the requested hourly rates, her affidavit does not provide any further details in support of the reasonableness of the rates. Instead, Ms. Kelly's affidavit simply states that the timesheet attached to the affidavit "is a true and correct copy of an invoice billed by counsel to Wright [National Flood Insurance Company] detailing the fees

incurred in making the Motion to Compel Discovery[,]" with "[t]he total amount of such fees [of] $465." (Doc. 33 at p. 2). Even though Plaintiffs made no objection to the hourly rates claimed in the timesheet, Defendant does not offer any "direct evidence of rates charged under similar circumstances" in the affidavit or otherwise. *See Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l*, No. 6:08-cv-1182-ORL-22DAB, 2010 WL 98991, at *4 (M.D. Fla. Jan. 6, 2010) (citing *Norman*, 836 F.2d at 1299). Therefore, in the absence of additional evidence, the Court may use its own discretion and expertise to determine a reasonable hourly rate for an award of attorney's fees. *See Norman*, 836 F.2d at 1303.

Given that Defendant failed to provide any detail, explanation, or evidentiary support for the hourly rates it seeks, the Court is not persuaded that hourly rates of $355.00 and $390.00 are justified for a routine motion to compel. *See, e.g.*, *Pruco Life Ins. Co. v. Howen*, No. 2:23-cv-54-SPC-NPM, 2024 WL 1417406, at *1-2 (M.D. Fla. Apr. 2, 2024) (reducing hourly rate to $300.00 where there was no detail or explanation for the requested rate on a routine motion to compel); *Roskovensky v. Sanibel Captiva Island Vacation Rentals, LLC*, No. 2:22-cv-602-JLB-NPM, 2024 WL 474123, at *1-2 (M.D. Fla. Feb. 7, 2024) (reducing hourly rate to $250.00 for a routine motion to compel); *see also Singh v. Orlando Health, Inc.*, No. 6:22-CV-1365-RBD-EJK, 2023 WL 4052270, at *1 (M.D. Fla. June 16, 2023) (approving an hourly rate of $300.00 on a motion to compel for a principal attorney with 15 years of experience).

Further, based on the Court's own experience and familiarity with rates in the Ocala Division, the Court finds that such requested rates are well above the prevailing market rates for similar cases. Having considered the extremely limited information provided by Defendant's counsel, the relative complexity of the case and issues presented, the Court's

knowledge of market rates in the Ocala Division, and Plaintiffs' lack of objection, the Court finds that an hourly rate of $300.00 is reasonable for the attorneys' work performed on the routine Motion to Compel in this case. *See Norman*, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (citations omitted); *Scelta Delicatessen Support Servs.*, Inc., 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002) ("[T]he court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services.") (citing *Norman*, 836 F.2d at 1303).

In summary, Defendant has requested a total of $465.00 in attorney's fees associated with the Motion to Compel, consisting of 1.50 hours (including 1.10 hours of attorney time) at the hourly rates of $355.00 for attorney Tara Kelly, $390.00 for attorney Ted Brenner, and $160.00 for Diane Wigley. Plaintiffs have made no objection to Defendant's request, whether to the reasonableness of the hours, the rate, or otherwise. Despite this omission, and for the reasons explained above, the Court finds that Defendant's counsel reasonably incurred 1.50 hours in preparing and filing the Motion to Compel, and that it is most appropriate to adjust the attorneys' hourly rates to $300.00, which is reasonable. Based on the foregoing, Defendant is entitled to fees in the amount of $394.00.[1]

---

[1] The total amount of attorney's fees that will be awarded in this Order is $394.00. The math is calculated as follows: (0.40 x $160.00) + (0.80 x $300.00) + (0.30 x $300.00) = $394.00.

III.   CONCLUSION

Accordingly, it is **ORDERED** that:

(1)  Defendant Wright National Flood Insurance Company is **AWARDED $394.00** in attorney's fees incurred in making the Motion to Compel Discovery (Doc. 27).

(2)  Plaintiffs Gregory Baldwin, Jr. and Kerting Baldwin shall **remit** to Defendant the amount of $394.00, which represents the reasonable expenses, including attorney's fees, associated with Defendant's Motion to Compel Discovery within **10 days** from the date of this Order.

**DONE** and **ORDERED** in Ocala, Florida on September 9, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 8 -